IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CRENSHAW, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:02CV1250-SRW |
| ) | (WO) |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is presently before the court on the petition for authorization of attorney's fees filed by plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Counsel seeks authorization to charge his client $20,000.00 for 17.30 hours of work before this court.[1] Plaintiff's counsel further asserts that he will refund to his client the amount of $2,518.01, the amount awarded to plaintiff under the Equal Access to Justice Act. Plaintiff's counsel spent 17.30 hours

---

[1]42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In this case, the Commissioner withheld $33,033.25 from plaintiff's past-due benefits and approved $5,300.00 as attorney fees for 15 hours of work at the administrative level.

prosecuting plaintiff's claim before this court.

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases.  Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court.  Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  <u>Id</u>. at 807.  The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered."  <u>Id</u>.

The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b).  (<u>See</u> Agreement attached to Doc. # 27).  Additionally, the award requested by counsel is less than the amount remaining in the 25 percent of past-due benefits withheld by the Commissioner, after the Commissioner's award of fees.  However, the Commissioner objects to the requested award as unreasonable and "a windfall to counsel." (<u>See</u> Doc. # 31).  The court must determine whether the amount of fees sought pursuant to the contingency fee agreement is reasonable.  <u>Gisbrecht</u>, 535 U.S. at 808.  Counsel is seeking $20,000.00 in attorney's fees for 17.30 hours of work.  An award of fees in accordance with the contingency fee agreement would result in compensation at an hourly rate of $1,156.07.

In <u>Gisbrecht</u>, the Court noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 535 U.S. at 808.  Plaintiff's counsel, who bears the burden of establishing reasonableness of the

requested fee, has not provided the court with evidence of his usual hourly rate for non-contingent fee work.

The court concludes that the requested award is not reasonable in light of the issues presented and the amount of work expended before this court by counsel. In view of the record before the court in this particular action, a downward adjustment of the fee sought by the amount of $9,500.00 renders an award which does not result in a windfall to counsel, but which largely preserves the benefit of his contingent fee agreement and reasonably compensates counsel for his work before this court.

Accordingly, it is

ORDERED, pursuant to 42 U.S.C. § 406(b), that the petition for attorney's fees (Doc. # 27) is GRANTED to the extent that the Commissioner is DIRECTED to pay to plaintiff's attorney the amount of $10,500.00 from plaintiff's withheld past due benefits.

It is further ORDERED that plaintiff's counsel is DIRECTED to refund to plaintiff the amount of $2,518.01, the amount previously paid to counsel by the Commissioner under the Equal Access to Justice Act.

DONE, this 24th day of April, 2006.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE